ISAAC W. CARTER, sheriff, plaintiff in error, vs. J. W. CARD-
WELL & COMPANY, defendants in error.

B. S. SHEATS, executor, et al., plaintiffs in error, vs. J. W.
CARDWELL & COMPANY, defendants in error.

1. Where a portion of an execution from the Superior Court, was volun-
tarily paid to the sheriff by the defendant, but before the next term of
the Court, executions of older date from a Justice Court were placed
in his hands to claim the money, and, upon a rule, the fund in the
sheriff's hands was applied to the oldest execution, it was error in the
Court to make the rule absolute for the full amount of the Superior
Court fi. fa. It should have been made absolute only for the uncol-
lected balance.

2. The refusal of a rule absolute against the sheriff for the balance due
on the Justice Court fi. fas., they having been placed in his hands be-
fore levy, and when there was no mandate from the Court to him to
make the money on them, but for the purpose of claiming what money
might be realized on the Superior Court execution, was not error.

Rule against officer.    Sheriff.    Execution.    Justice Court.
Before Judge BUCHANAN.    Campbell Superior Court.    Feb-
ruary Term, 1873.

The only facts necessary to an understanding of these two
cases, beyond those stated in the decision, and as far as can be
gathered from very confused records, are as follows:

After Carter, sheriff, had levied the Cardwell & Company
fi. fa., the defendant paid to him $100 00. Before any other
payment was made, he went out of office. Subsequently, and
before the rule nisi was issued, he collected the entire balance
due on said execution. Six executions in favor of Sheats, ex-
ecutor, et al., issuing from a Justice Court, all of them of older
date than the Cardwell & Company fi. fa., were placed in his
hands to claim said fund. Upon a money rule, the Court
directed the $100 00 first aforesaid to be paid to the oldest
Justice Court fi. fas., and ordered a rule absolute to issue
against the sheriff for the entire amount of the Cardwell &
Company fi. fa., and refused rule absolutes for the balances
still unpaid on the Justice Court fi. fas. The Court ignored
the payments made to the sheriff after he had gone out of

office. The sheriff excepted to the judgment making the rule absolute against him for the entire amount of the Cardwell & Company *fi. fa.* Sheats, executor, and the other holders of the Justice Court *fi. fas.*, excepted to the decision refusing rule absolutes in their favor, thus ignoring the payments made to the sheriff after his official career had ceased.

Error is assigned upon each of the aforesaid grounds of exception.

WRIGHT & DENT; A. D. FREEMAN; THOMAS W. LATHAM, for plaintiffs in error.

ROBERT J. TUGGLE, by LESTER & THOMSON, for defendants.

WARNER, Chief Justice.

The case of Carter, plaintiff in error, *vs.* Cardwell & Company, and the case of Sheats *et al.*, plaintiffs in error, *vs.* Cardwell & Company will be considered together, as both cases are founded on a rule against the sheriff of Campbell county to show cause why he should not pay the amount of Cardwell & Company's execution placed in his hands for collection. Carter, the sheriff, excepts to the judgment of the Court because he was made to pay $100 00 more than the amount of Cardwell & Company's *fi. fa.*, and the other parties except as to the judgment of the Court disposing of the money. It appears from the record, that in November, 1872, a *fi. fa.* from Campbell Superior Court, in favor of Cardwell & Company against Beck, for the sum of $325 00 principal, besides interest, was placed in the sheriff's hands for collection. The sheriff made a levy on the defendant's property, who paid him $100 00, and the sheriff promised to wait with him for the balance due on the *fi. fa.* until Court and not advertise and sell his property. Shortly after the Cardwell & Company *fi. fa.* was placed in the sheriff's hands, several Justice's Court *fi. fas.* of older date were placed in his hands against Beck, with instructions that any money paid by Beck should be applied to them. The Court ordered the $100 00 which Beck

had paid to the sheriff, to be applied to the Justice's Court *fi. fas.*, and then made the rule absolute against the sheriff for the full amount of the Cardwell *fi. fa.* In our judgment, this was error. The Cardwell & Company *fi. fa.* was the only one in the sheriff's hands which commanded him to make the money due thereon, and if he failed to make the money, either by the payment thereof by the defendant or by levy and sale of his property, then he was liable to be ruled therefor. If, however, the defendant paid the sheriff part of the money due on the *fi. fa.*, then he was liable to be ruled only for so much as he had failed to collect. In this case he had collected $100 00, and he was only in default for failing to collect the balance due on the *fi. fa.* Under the notice given him as to the claim of the Justice's Court *fi. fas.*, placed in his hands, it would have been the duty of the sheriff to have held up the money until Court, whether it was voluntarily paid by the defendant or made by the sale of his property, in order to have been protected in the payment thereof by the judgment of the Court. Although the Justice Court *fi. fas.* might have been the oldest, still, if they had been fraudulent or void for any cause, the sheriff would have taken the risk, if he had paid them without the judgment of the Court. The rule against the sheriff should have been made absolute against him only for the amount due thereon, which he failed to collect from the defendant, either by his voluntary payment thereof, or by a levy and sale of his property, and no more. The Justice's Court *fi. fas.* placed in the sheriff's hands had not been levied on the defendant's property, and there was no mandate from the Court to the sheriff to make the money on them. What disposition was to be made of the money when collected by the sheriff on the Cardwell & Company *fi. fa.* was another question. We therefore reverse the judgment of the Court below in the case of Carter, plaintiff in error, *vs.* Cardwell & Company, and affirm the judgment of the Court below in the case of Sheats *et al.*, plaintiffs in error, *vs.* Cardwell & Company.

Let the respective judgments be so entered on the record.